IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLUFEMI SADIQ, § <br> #60178-177 § <br>  Movant, § <br> § <br> v. § <br> § <br> UNITED STATES of AMERICA, § <br>  Respondent. § | No. 3:22-cv-00617-L-BT <br> No. 3:20-cr-00122-L-8 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Olufemi Sadiq, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Sadiq's § 2255 motion.

**Background**

Sadiq pleaded guilty to conducting, controlling, managing, and owning all or part of an unlicensed money transmitting businesses, in violation of 18 U.S.C. § 1960(a) & (b)(1)(A). The District Court sentenced him to twenty-four months' imprisonment. Sadiq did not appeal. Instead, he filed this § 2255 motion.

In two general grounds for relief, he claims his trial attorney was ineffective for (i) failing to file a notice of appeal after he inquired about an appeal, and (ii) failing to object to the two-level increase to his base offense

1

level under U.S.S.G. § 2S1.2(b)(1)(A). In response, the Government argues that Sadiq's two claims are meritless, and his motion should be denied with prejudice. Sadiq filed a reply, and the motion is now fully-briefed and ripe for determination.

## Legal Standards and Analysis

To prevail on his claim of ineffective assistance of counsel, Sadiq must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* And even if Sadiq proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, Sadiq must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered [the proceeding]

'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A.

Sadiq argues that his trial attorney provided ineffective assistance of counsel when he failed to file a notice of appeal after Sadiq inquired about an appeal. Mot. 4 (CV ECF No. 2); Mem. 3-4 (CV ECF No. 3). Specifically, Sadiq contends that after sentencing, he "inquired" about filing an appeal, and his attorney informed him "he could not appeal." Mem. 4 (CV ECF No. 3). Sadiq further contends that his inquiry was "a reasonable demonstration" that he was interested in appealing, and if not for his attorney's "error," he would have timely appealed his criminal case. *Id.* Sadiq argues that an attorney has a duty to consult with a defendant about an appeal where the defendant "reasonably demonstrated to counsel that he was interested in appealing." Mem. 3-4 (CV ECF No. 3) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). He concludes that under the circumstances presented here, there is a "presumption of prejudice." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 483).

The *Strickland* test applies to claims, like Sadiq's, that counsel was constitutionally ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477; *see also United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014) (per curiam) (quoting *Flores-Ortega*, 528 U.S. at 477). Under Supreme Court precedent, "a lawyer who disregards specific

3

instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner." *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). In such a case, "prejudice will be presumed," *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007), and the defendant is not required to make a "further showing" on the "merits of his underlying claims." *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores-Ortega*, 528 U.S. at 484.

The Fifth Circuit has held that where a defendant alleges in a sworn statement or motion that his attorney failed to follow explicit instructions to file a notice of appeal, the district court must hold an evidentiary hearing to determine whether the request was made. *See, e.g., United States v. Taylor*, 270 F. App'x 363, 366 (5th Cir. 2008). But here, Sadiq does not allege that he directed his attorney to file a notice of appeal. Instead, he merely claims that his attorney "failed to file a notice of appeal after movant *inquired about appealing* the court's judgment." Mot. 4 (CV ECF No. 2) (emphasis added). Sadiq's allegation that he "inquired about appealing" does not show that he asked his attorney to file a notice of appeal. It does not even rise to the level of demonstrating that Sadiq is entitled to an evidentiary hearing. *See United*

4

States v. Valdez, 392 F. App'x 274, 275 (5th Cir. 2010) (per curiam) (a hearing is not necessary where the record does not conclusively show the movant requested that his attorney file a notice of appeal); *see also* Tapp, 491 F.3d at 266.

Sadiq's memorandum in support his § 2255 motion is not verified under penalty of perjury or accompanied by an affidavit.[1] Thus, any assertions contained therein do not amount to evidence. *See* Markwith v. United States, 2015 WL 1781685, at *1 n.2 (N.D. Tex. Apr. 14, 2015) ("The supporting memorandum is not verified by an affidavit or declaration. Therefore, the purported facts upon which movant relies in support of his motion are not in a form that would authorize the court to give them evidentiary effect in ruling on the motion."); *see also* Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006) (the verification requirement in the § 2255 context "serves to ensure that a petitioner can provide *some evidence* beyond conclusory and speculative allegations, even if that evidence is his certified statement alone"). Sadiq's unsworn assertions are not sufficient to

---

[1] Because the record is clear that he is not entitled to relief on his first claim, the Court will not order Sadiq to file a properly verified memorandum. *See* Markwith, 2015 WL 1781685, at *1 n.2 ("[B]ecause the record of movant's criminal case makes so clear that movant is not entitled to § 2255 relief, the court is not ordering movant to file an amended motion or a properly verified amended memorandum.").

create a fact question regarding his attorney's alleged failure to file a notice of appeal. No evidentiary hearing is warranted in this case.

The circumstantial evidence in the record also demonstrates that Sadiq did not request an appeal. Sadiq pleaded guilty and waived most of his appellate rights in a plea agreement (CR ECF No. 121 at 6). And although he is not required to prove that he had any meritorious issues to raise, he fails to identify even one issue that he intended to raise on appeal. This evidence suggests that he did not request an appeal. Moreover, as discussed, Sadiq fails to specifically allege that he instructed his attorney to file a notice of appeal on his behalf. For these reasons, Sadiq's first ineffective assistance of counsel claim lacks support, and should be denied.

B.

In his second ground for relief, Sadiq argues that his trial attorney rendered ineffective assistance when he failed to object to the finding in the Presentence Report (PSR) that the Court should apply a two-level enhancement because he knew or believed that the funds he transmitted were the proceeds of unlawful activity. According to Sadiq, his attorney understood that—if he did not object—the District Court would rely on the finding as evidence at sentencing. Mem. 5 (CV ECF No. 3). Sadiq contends that his attorney's performance was deficient, as "reasonably competent counsel would have objected." *Id.* Sadiq further contends that he was prejudiced by his attorney's failure to object because it denied him the

6

opportunity to have an evidentiary hearing and dispute the evidence of his knowledge that the funds were proceeds of unlawful activity. *Id.* at 6.

At Sadiq's sentencing, a two-level enhancement was appropriate when the defendant knew or believed the funds he transmitted were proceeds of unlawful activity or were intended to promote unlawful activity. U.S.S.G. § 2S1.2(b)(1) (now deleted). (*See also* PSR ¶ 36.) Here, the PSR states: "Sadiq knew or believed the funds being transferred to him to transmit out of the country were proceeds of illegal activity." (PSR ¶ 36 (emphasis removed); *see also* CR ECF No. 216 (at sentencing, the District Court adopted the PSR "without change")). Specifically, the amount of money being transmitted to Sadiq was suspect because it was more than four times his annual salary. (PSR ¶ 36.) Also, the way he was receiving money suggested fraud. (PSR ¶ 36.) Sadiq was receiving parcels with cash or receiving cashier's checks from individuals, which were written on the accounts of individuals different from the individuals who asked him to transmit the money. (PSR ¶ 36.) Moreover, there was evidence Sadiq was involved in the unauthorized use of personal identifying information (PII). (PSR ¶ 36.) Sadiq engaged in text communications where he received PII from three individuals, and during a later search of his home, he had three prepaid debit cards in the names of those same individuals. (PSR ¶ 36.) From these facts, the PSR concluded that Sadiq knew or believed that the funds he was transmitting were proceeds from unlawful activity. (PSR ¶ 36.) And the District Court agreed

7

that the PSR supported a finding that Sadiq knew or believed the funds he transmitted were the proceeds of unlawful activity. (CR ECF No. 292 at 6) (citing PSR ¶ 36; *see also* CR ECF No. 292 at 6) (at sentencing, the District Court recognized it looked to the totality of the circumstances, which showed: (1) large quantities of money being deposited into Sadiq's account, (2) the manner in which Sadiq received the funds to be transmitted, (3) and Sadiq's direct involvement in receiving PII of others and being in possession of prepaid debit cards obtained using stolen PII).

When a defendant is faced with facts from the PSR that are supported by an adequate evidentiary basis and sufficient indicia of reliability, a defendant must come forward with rebuttal evidence demonstrating those facts are "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Huerta*, 182 F.3d 361, 364–65 (5th Cir.1999) (internal quotation marks and citation omitted)). A defendant's bare objection to supported facts in the PSR is generally insufficient to meet his burden of presenting rebuttal evidence. *Id.*; *see also United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir.2010) ("Because no testimony or other evidence was submitted to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation.").

Sadiq makes self-serving claims that his conduct was not suspicious, but his arguments lack support and are not persuasive. He argues that the

8

PSR failed to recognize he was an architect and had worked in that field since 2006. Mem. 5 (CV ECF No. 3). But Sadiq is mistaken; this information was contained in the PSR. (PSR ¶ 79) (noting he was in the architecture profession). Sadiq also argues that, because he was an architect with clients outside the country, it was not unreasonable to believe he made $250,000 over the course of three years. Mem. 5 (CV ECF No. 3). However, as noted in the PSR, prior to 2016, Sadiq earned only $12.00 an hour working as an architect at an architectural firm in Nigeria. (PSR ¶ 82.) After he moved to the United States, he occasionally did computer-aided design (CAD) work for clients in Nigeria. (PSR ¶ 82.)

Sadiq also disputes the PSR finding that the money exchanges involved in this case were suspicious. Mem. 5 (CV ECF No. 3). He argues that the way he exchanged money in this case was familiar to his way of life and amounted to a "cultural thing." *Id*. at 6. Sadiq's bare contention that the wire transfers were not suspicious lacks support and is not compelling.

Finally, Sadiq claims that the prepaid debit cards referred to in the PSR were his cards. *Id.* The PSR found that Sadiq engaged in text communications during which he received PII from three individuals, and he was found in possession of three prepaid debit cards in the names of those same individuals. (PSR ¶ 36.) Sadiq has failed to come forward with any evidence his attorney could have presented to rebut or credibly contradict the PSR findings.

9

Sadiq tries to undercut the District Court's decision to apply U.S.S.G. § 2S1.2(b)(1)(A), but he has failed to present any evidence his attorney could have presented that would have rebutted the facts contained in the PSR. Therefore, any objection by his attorney to the application of U.S.S.G. § 2S1.2(b)(1)(A) would have been overruled. The failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir.1998) (citing *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995)).

Even if Sadiq could demonstrate that his attorney provided ineffective assistance under *Strickland*, he cannot show prejudice. "In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"); *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)); *Potts v. United States*, 566 F.Supp.2d 525, 537 (N.D. Tex. 2008).

Sadiq cannot make the requisite showing of prejudice here because any objection by his attorney to the Court's application of U.S.S.G. § 2S1.2(b)(1)(A) at sentencing would have been frivolous. Sadiq argues that if his attorney had objected to the PSR, he could have presented evidence and case law to support his objection, and the District Court would have considered the fact that he told law enforcement agents he did not know where the money came from. Mem. 7 (CV ECF No. 3). As discussed, however, Sadiq has not come forward with any evidence or case law that could have been presented to credibly contradict the facts set forth in the PSR. Moreover, it is highly unlikely that Sadiq's self-serving claim that he did not know where the money came from, standing alone, would have persuaded the District Court to sustain his objection. This is especially true considering all the other evidence presented in this case. Sadiq has failed to show that if his attorney had objected, the District Court would have sustained the objection. Consequently, Sadiq has failed to demonstrate prejudice.

Sadiq's second claim fails on both prongs of the *Strickland* standard, and it should be denied.

3. Sadiq is not entitled to an evidentiary hearing.

Last, Sadiq moves for an evidentiary hearing. Mem. 7-8 (CV ECF No. 3).

With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the

11

prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

As discussed, Sadiq's two § 2255 ineffective assistance of counsel claims fail on the merits. Because the motion, files, and records of the case conclusively demonstrate that he is not entitled to relief, a hearing is not warranted. *See* 28 U.S.C. § 2255(b); *see also Hughes*, 635 F.2d at 451. Therefore, Sadiq's request for an evidentiary hearing is denied.

## Recommendation

The District Court should DENY Sadiq's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed November 3, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).